## Commonwealth v. Fusco

*Carolyn Fenton,* for Commonwealth.
*Stephen Fleming,* for defendant.

GRINE, *P.J.,* January 29, 2008—Presently before the court is defendant Paul Fusco's notice of appeal of this court's verdict of September 25, 2007. Defendant was found guilty of two counts of driving under the influence (75 Pa.C.S. §3802 §§A1 and 75 Pa.C.S. §3802 §§C) and four summary traffic offenses (75 Pa.C.S. §3309 §§1, 75 Pa.C.S. §3301 §§A, 75 Pa.C.S. §3361, and 75 Pa.C.S. §3714 §§A).

A non-jury trial was held on September 25, 2007. There were three witnesses who testified at trial: Trooper Jeffrey Ebeck, John Fusco and Paul Fusco.

In his statement of matters complained of on appeal, defendant claims that there was insufficient evidence at trial to convict him. Defendant claims that he consumed alcohol after the crash and before Trooper Ebeck arrived. Additionally, defendant claims that his blood sample was not tested within two hours after he drove.

As to the claim that defendant consumed alcohol after the accident, there was no evidence at trial that defendant did so. Trooper Ebeck asked defendant if he had consumed alcohol following his accident, and defendant told Trooper Ebeck that he did not consume any alcohol. Additionally, when asked at the time of trial, defendant claimed that he did not remember drinking any alcohol after the accident. He testified that he remembered disposing of the alcohol by throwing it over a fence. Therefore there is no evidence in the record to support defendant's claim in his statement of matters complained of on appeal that he consumed alcohol after the accident.

As to defendant's claim that the blood test results were invalid because they were tested more than two hours after the car was driven, this court disagrees. The blood was drawn within two hours of when the car was driven by defendant. Defendant claims that, according to phone records, the accident occurred between 12:44 a.m. and 12:56 a.m. Defendant's blood was drawn at 2:55 a.m. Defendant claims that the error arises when the blood was not tested until 3:24 a.m. However, since the blood was drawn within a two-hour period of defendant's accident, when the blood was tested is irrelevant.

Additionally, even if the blood draw and test were outside the two-hour time period, 75 Pa.C.S. §3802(g)(1) allows the Commonwealth to show that there was good cause for the blood test to be completed outside of

the two-hour window. Here, Trooper Ebeck did not receive the call until 1:30 a.m. and did not arrive until 1:43 a.m. Defendant was unable to establish at what time he called 911. Trooper Ebeck checked out the scene, gave defendant a field sobriety test, which he failed, and then took him to the hospital for a blood draw. Since he was limited by the time at which he received the call, he did his best to have the blood draw completed within the two-hour period. In fact, he did complete the blood draw within the two-hour time period, and was limited by hospital resources in also getting the blood tests completed within the two-hour time period.

For the foregoing reasons, the court believes its verdict of September 25, 2007 was properly entered.